MILLER, P. J., and P. POTTER, J., concurred.

*Judgment affirmed.*

---

MILLER, appellant, v. LINK *et al.*

*Acknowledgment — insufficient certificate.*

The acknowledgment of a deed was this: "Personally appeared before me, Robert S. Livingston, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed before me." *Held,* insufficient.

The acknowledgment of a deed must show, that the party acknowledging the instrument was known, or proved, to the officer to be the party named in and who had executed the same.

APPEAL by the plaintiff from a judgment for the defendants entered upon a verdict. The action originated in a justice's court;

the defendant pleaded title; it was dismissed and begun in the supreme court. The facts appear in the opinion.

*John Gaul, Jr.*, for appellant.

*J. C. Newkirk*, for respondents, upon the question discussed in the opinion, cited *Jackson* v. *Gumaer*, 2 Cow. 552; *Troup* v. *Haighter*, Hopk. 239; *Duval* v. *Cowenhoven*, 4 W. R. 561; *Thurman* v. *Cameron*, 24 id. 87; *Hunt* v. *Johnson*, 19 N. Y. 294.

P. POTTER, J. One question which seems to be fatal to sustaining the judgment in this action, is the ruling of the judge in the admission in evidence on the part of the defendant of a deed from Robert S. Livingston to him, covering the *locus in quo*. This evidence was objected to by the plaintiff on several grounds, among which was, that it was not duly acknowledged. There was no other evidence of the execution of the deed, than the certificate of acknowledgment, which was in the following form:

STATE OF NEW YORK, ⎫
CITY AND COUNTY OF NEW YORK. ⎬ *ss.* :

Personally appeared before me, Robert S. Livingston, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed before me.

NEW YORK, *March 28, 1865.*

J. NELSON LUCKY,
*Notary Public.*

This certificate fails of being a compliance with the plain requirements of the statute. By 1 R. S. 758, § 9, it is enacted: "No acknowledgment of any conveyance having been executed, shall be taken by any officer, unless the officer taking the same *shall know*, or have satisfactory evidence that the person making such acknowledgment, is the individual described in and who executed such conveyance."

By 1 R. S. 759, § 15, it is enacted: "Every officer who shall take the acknowledgment or proof of any conveyance, shall indorse a certificate thereof, signed by himself, on the conveyance, and in such certificate *shall set forth* the matters hereinbefore required to be done, *known* or proved, on such acknowledgment or proof," etc. Section 15 requires, among other things, that the officer who takes the

acknowledgment, shall, *in his certificate,* set forth the matters required by § 9, to be *known* to him. One of *those* matters is, that the person making the acknowledgment *is known* to him to be the person described in and who executed the deed.

In this respect the certificate is *fatally* defective.

It does not certify that the party acknowledging the instrument was *known* to the notary to be the party named in and *who had executed* the same.

This he was absolutely bound to do. Otherwise the lands of citizens might be conveyed by strangers impersonating the true owners.

The whole object of the statute was to prohibit frauds by personating grantors, and rendering insecure titles obtained in that way. It might well be true as certified, that the signer and sealer of a deed, calling himself Robert S. Livingston, executed it, but the important part of the requirement is, that the officer should certify that he knew the grantor, or had satisfactory evidence of his being, in truth and in fact, the person he represented himself to be. None of the cases cited are so totally defective as this. The judgment should be reversed, and a new trial granted, costs to abide the event.

MILLER, P. J., and PARKER, J., concurred.

*Judgment reversed, and new trial granted.*